PROB 12C
(01/05)

# United States District Court
# for
# Eastern District of Missouri

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Darrell Lee Regans             Case Number: 4:08CR00294 HEA

Name of Sentencing Judicial Officer: The Honorable Henry E. Autrey
                                     United States District Judge

Date of Original Sentence: February 12, 2009

Original Offense: Felon in Possession of a Firearm

Original Sentence: 27 months prison, 24 months supervised release.  On June 28, 2011, supervised release revoked and sentenced to six months imprisonment and 25 months supervised release

Type of Supervision: Supervised Release        Date Supervision Commenced: December 7, 2011
                                                        Expiration Date: January 6, 2014

Assistant U.S. Attorney: Thomas S. Rea           Defense Attorney: Steven V. Stenger

---

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**(s)

General Condition: The defendant shall not commit another federal, state or local crime.

Standard Condition #11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**

On September 7, 2012, officers with the St. Louis, Missouri Metropolitan Police Department were patrolling the neighborhood of Hamilton Heights when they observed an individual, later

PROB 12C
(12/98)

Darrell Lee Regans
4:08CR00294 HEA

2

identified as Darrell Regans, walking south on Hodiamont. Officers noted that Regans was holding his waistband and it appeared to officers that he was trying to conceal something. Based upon their suspicion, officers made contact with Regans and conducted a voluntary field interview.

Officers advised Regans of their observations and Regans reported that he had an alcohol bottle in his pants and he was holding his waistband to prevent the bottle from pulling his pants down. Officers conducted a pat down search and discovered a bottle of gin and a bottle of Gatorade. During the search, Regans advised officers that he picked up a wadded plastic bag containing imitation cocaine base off the ground earlier and that the plastic bag was inside his sock. Officers recovered the plastic bag containing three "off white rock like objects" believed to be cocaine base. Regans was arrested for Possession of a Controlled Substance and taken into custody. He was released from police custody later that same day.

A laboratory analysis was performed on the "off white rock like objects" seized from Regans and was found that the contents of the bag were not an illegal controlled substance. As a result, no charges were filed in the matter.

Regans failed to report this arrest to the undersigned officer; however, Regan's girlfriend contacted the undersigned probation officer and left a voice message advising that Regans had been arrested.

**Violation Number**

General Condition: The defendant shall refrain from any unlawful use of a controlled substance.

**Nature of Noncompliance**

On March 8, 2012, during his interview with the Project EARN team, Regans admitted to using marijuana on or about February 23, 2012.

On August 22, 2012, Regans rendered a urine specimen at Center for Life Solutions that tested positive for cocaine.

On October 4, 2012, Regans reported to the probation office and during the interview admitted that he had been using heroin and cocaine for the past five days. Regans admitted to a long-term battle with drug addiction. He rendered a urine specimen at the probation office that tested positive for cocaine, opiates, and marijuana.

On October 5, 2012, Regans rendered a urine specimen at Avertest that tested positive for cocaine, opiates and marijuana.

PROB 12C
(12/98)

Darrell Lee Regans
4:08CR00294 HEA

3

## Violation Number

Standard Condition #2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

## Nature of Noncompliance

On November 27, 2012, during an office visit, Regans was verbally directed as well as provided written instructions to report to the U.S. Probation Office (Goodfellow location) on December 4, 2012 at 11:00 a.m. for an office visit to discuss medication assisted treatment with the undersigned officer and the Drug Treatment Manager.  Regans failed to report for this meeting and left a voice message on the undersigned officer's work telephone at approximately 11:40 p.m. this date stating he fell and hurt his leg.

On December 12, 2012, during a home visit, Regans was directed to report to the U.S. Probation Office on December 13, 2012 at 9:00 a.m. to discuss his case.  Regans failed to report as scheduled.

On December 19, 2012, a letter was mailed to Regans residence directing him to report to the U.S. Probation Office on December 27, 2012 at 9:00 a.m. Regans failed to report as scheduled.

Between the missed office appointments, the undersigned officer attempted to contact Regans telephonically numerous times but to no avail.

Regans failed to submit a written monthly supervision report for December 2012.

## Violation Number

Standard Condition #3: The defendant answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

## Nature of Noncompliance

On December 27, 2012, Regans was mailed a letter directing him to report to a Residential Reentry Center (RRC) in Neelyville, Missouri on January 3, 2013.  On January 2, 2013, Regans contacted the undersigned officer and advised he had no transportation.  The U.S. Probation Office paid for a train ticket to transport Regans from St. Louis, Missouri to Poplar Bluff, Missouri on the evening of January 2, 2013.  Regans failed to report to the facility and instead changed his reservation to a later date and reported to the RRC on January 7, 2013.

PROB 12C  
(12/98)

4

Darrell Lee Regans  
4:08CR00294 HEA

Regans advised he did not report to the train station on January 2, 2013 because his family had car problems and could not get him there.

**Violation Number**

Special Condition: The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, Residential Re-Entry Center, or inpatient treatment in a treatment center or hospital.  The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the United States Probation Office.  Co-payments shall never exceed the total cost of services provided.

**Nature of Noncompliance**

Regans failed to report for random drug testing on the following dates: January 12 and 20, 2012; February 3 and 11, 2012; March 1, 5 and 14, 2012; April 14 and 28, 2012; May 4 and 10, 2012; June 19 and 30, 2012; July 7, 2012 (stalled); July 20, 2012; August 10 and 30, 2012; September 10 and 18, 2012; and October 10, 2012.

Regans failed to report for random drug testing following his release from inpatient treatment in November 2012 on the following dates: December 5, 6, 15, 20, 23, and 30, 2012; and January 5, 2013.

Regans entered group substance abuse services at Gateway Free and Clean on March 22, 2012. According to treatment records he attended 77 sessions but was scheduled for 110 sessions.  On November 27, 2012, Regans was provided verbal and written instructions to re-engage in intensive outpatient treatment following his inpatient treatment.  Regans failed to report and re-engage in substance abuse treatment.

Regans arrived at the RRC in Neelyville, Missouri on January 8, 2013.  On April 18, 2013, he was unsuccessfully discharged after he became aggressive with the program director by yelling at her and threatening her person.  Regans was advised that as a result of his behavior he would have to leave the facility.  Regans refused to leave.  It was only after the director threatened to contact law enforcement that Regans relented and vacated the premises.

Prior to his discharge on April 18, 2013, Regans had been cited by the facility on February 16, 2013 for fighting with another resident.

PROB 12C
(12/98)

                                                          5

Darrell Lee Regans
4:08CR00294 HEA

**Violation Number**

Special Condition: The defendant shall participate in a mental health program approved by the United States Probation Office.  The defendant shall pay for the costs associated with the services provided based on a co-payment fee established by the United States Probation Office.  Co-payments shall never exceed the total cost of services provided.

**Nature of Noncompliance**

Regans failed to report for monthly mental health counseling sessions at Gateway Free and Clean on the following dates: April 18, 2012; July 25, 2012; and September 19, 2012.  On November 27, 2012, Regans was provided verbal and written instructions to re-engage in mental treatment.  Regans failed to report and re-engage in mental health treatment.

Previous Violations

On March 19, 2012, a report outlined violations regarding Regans admitting to ingesting marijuana,  failing to report for random drug testing and substance abuse counseling.  No adverse action was recommended by the U.S. Probation Office as Regans was verbally admonished and the conditions of supervised release were re-reviewed with Regans.  As the Court has not previously taken formal action on this violation, this conduct has been incorporated into the existing petition seeking revocation.

On September 4, 2012, a report outlined violations regarding Regans testing positive for cocaine, failing to report for random drug testing and mental health counseling.  No adverse action was recommended by the U.S. Probation Office as Regans participated in a noncompliance meeting with the undersigned officer and supervising officer and his counseling sessions were increased.  As the Court has not previously taken formal action on this violation, this conduct has been incorporated into the existing petition seeking revocation.

On September 19, 2012, a report outlined violations regarding Regans being arrest for drug possession, failing to report his arrest and failing to report for drug testing.  It should ne noted no charges were filed as laboratory analysis revealed no illegal controlled substances.  No adverse action was recommended by the U.S. Probation Office as Regans received a written letter of reprimand as well as re-instructions on the conditions of supervised release.  As the Court has not previously taken formal action on this violation, this conduct has been incorporated into the existing petition seeking revocation.

On October 12, 2012, a report outlined violations regarding Regans testing positive for cocaine, opiates and marijuana, failing to report for drug testing, failing to report for substance abuse

PROB 12C  
(12/98)

6

Darrell Lee Regans  
4:08CR00294 HEA

counseling and failing to report for mental health counseling. No adverse action was recommended by the U.S. Probation Office as Regans was referred for placement in inpatient substance abuse treatment. As the Court has not previously taken formal action on this violation, this conduct has been incorporated into the existing petition seeking revocation.

On January 9, 2013, a report outlined violations regarding Regans failing to report for scheduled office visits, failing to follow instructions to report to a Residential Reentry Center on a certain date, failing to report for drug testing and failing to report for mental health counseling. No adverse action was recommended by the U.S. Probation Office as Regans entered the RRC on January 7, 2013. As the Court has not previously taken formal action on this violation, this conduct has been incorporated into the existing petition seeking revocation.

U.S. Probation Officer Recommendation:

Based upon the nature of the violation conduct outlined above, it is clear that Regans is no longer amenable to community supervision at this time. As such, it is recommended that a warrant be issued and:

The term of supervision should be  
      [X] revoked.  
      [ ] extended for years, for a total term of years.

[ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 2, 2013

Approved,

by _____     by _____  
Thomas A. Caruso    Niquita M. Vinyard  
Supervising U.S. Probation Officer    Senior U.S. Probation Officer  
Date: May 2, 2013    Date: May 2, 2013

PROB 12C
(12/98)

7

Darrell Lee Regans
4:08CR00294 HEA


THE COURT ORDERS:


[ ]     No Action
[x]     The Issuance of a Warrant
[ ]     The Issuance of a Summons    Appearance Date & Time:
[ ]     Other

_____
Signature of Judicial Officer

 5/2/13_____
Date